```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

APRIL WHITSETT                       :
                                     :
    Plaintiff,                       :
                                     :
vs.                                  :        CIVIL ACTION 16-0184-KD-M
                                     :
STATE OF ALA. BOARD OF PARDONS       :
AND PAROLES and ALFONZO McCOY,       :
                                     :
    Defendants.                      :

<u>REPORT AND RECOMMENDATION</u>

This action is before the Court on the Motion to Dismiss (Doc. 17) filed by Defendant Alfonzo McCoy under Federal Rule of Civil Procedure 12(b)(6)[1]. This Motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72. Plaintiff has filed a Response in Opposition (Doc. 22) and Defendant McCoy has filed a Reply to that Response (Doc. 23). After careful consideration of the record, it is recommended that the Motion to Dismiss be granted and all claims against Defendant Alfonzo McCoy be dismissed with prejudice.

FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 2016, the Plaintiff filed the instant action, alleging several claims. (Doc. 1 at 5-6.) The Defendants filed a Motion to Dismiss (Doc. 9). On September 21, 2016, the Plaintiff filed an Amended Complaint (Doc. 11) as of right,

---

[1] The Motion to Dismiss references both Rule 12(b)(1) and Rule 12(b)(6) (Doc. 17 at 1, 3), but explicates a standard for Rule 12(b)(6) (*Id.* at 3), so the Court assumes that the Motion is brought pursuant to Rule 12(b)(6).

which became the operative complaint and mooted out the previous Motion to Dismiss. (*See* Doc. 16.) The Amended Complaint alleges a Title VII hostile work environment claim against the State of Alabama Board of Pardons and Paroles (hereafter, "the Board") and three tort causes of action against Defendant Alfonzo McCoy (hereafter, "McCoy"). (Doc. 11 at 5-6.) On October 5, 2016, McCoy filed the instant Motion to Dismiss, alleging that the Plaintiff has failed to state a claim because the statute of limitations has run without tolling as to all three tort actions. (Doc. 17 at 4-9.) Plaintiff filed a Response in Opposition (Doc. 22) and McCoy filed a Reply to the Response (Doc. 23).

    The Amended Complaint alleges that the Plaintiff, a female, was hired as a security guard by Weiser Security Services, Inc. in March 2013. (Doc. 11 at 2-3.) She was hired to work in the L.I.F.E. Tech Transition Center, where she was supervised by the Board. (*Id.* at 3.) McCoy was a maintenance employee who worked at the same location during the same shift as the Plaintiff. (*Id.*) McCoy allegedly made inappropriate comments to Plaintiff of a sexual nature and inappropriately touched her, including throwing a clipboard at the Plaintiff and grabbing her hand. (*Id.* at 4.) The Plaintiff does not allege any conduct which took place after March 2014. (*See id.* at 2-5.)

STANDARD OF REVIEW

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must first satisfy the pleading requirements of Rule 8(a)(2), which provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 establishes a regime of "notice pleading," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 513-14, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), it does not eliminate all pleading requirements.

First, the complaint must address all the elements that must be shown in order to support recovery under one or more causes of action.  "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2).  The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.

2d 929 (2009).  In addition, there must be a pleading of facts. Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...."  *Id*.  That is, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S. Ct. at 1949.

The court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal*, 566 U.S. at 681, 129 S. Ct. at 1951.  When considering whether a complaint states a claim for relief, the Court "should assume, on a case-by-case basis, that well pleaded factual allegations are true and then

4

determine whether they plausibly give rise to an entitlement to relief." *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).

A statute of limitations defense is not typically appropriate to a Rule 12(b)(6) Motion to Dismiss, "inasmuch as the statute of limitations is an affirmative defense around which plaintiffs are not required to plead in the complaint." *McMillan v. AMC Mortg. Serv., Inc.*, 560 F. Supp. 2d 1210, 1213 (S.D. Ala. 2008).  Thus, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) *quoting Tregenza v. Great Am. Commc'n Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

## DISCUSSION

Defendant McCoy argues that the tort claims against him should be dismissed because the statute of limitations has passed as to each of them and has not been tolled.  (Doc. 17 at 4-8.)  The undersigned addresses each of the tort causes of action in turn.

I.  CLAIM II: INVASION OF PRIVACY

The first claim in the Amended Complaint is alleged only against the Board.  (Doc. 11 at 5.)  "Claim II" is the first claim directed against McCoy and alleges that "[t]he actions [of] the defendant amounted to an invasion of the plaintiff's

5

privacy." (*Id.* at 6.) Parties disagree as to which limitations period applies to this claim. (Doc. 17 at 4-5 *compare* Doc. 22 at 2.) McCoy argues (Doc. 17 at 4-5) that the Code of Alabama's two-year statute of limitations applies:

> All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.

ALA. CODE § 6-2-38(l) (1975). Plaintiff argues that limitations period for trespass actions, which is six years (ALA. CODE § 6-2-34 (1975)), applies to claims for invasion of privacy. (Doc. 22 at 2.) Plaintiff does not cite any authority for this proposition. *(Id.)* The Eleventh Circuit Court of Appeals has held that the two-year limitations period applies to invasion of privacy claims. *Chambless v. Louisiana-Pacific Corp.*, 481 F.3d 1345, 1350 (11th Cir. 2007) *citing* ALA. CODE § 6-2-38(l) (1975). The undersigned has not found any rulings on the issue by State of Alabama courts. Thus, the two-year limitations period is applied here.

Generally, "a statute of limitations begins to run when the cause of action 'accrues'—that is, when 'the plaintiff can file suit and obtain relief.' " *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 610 (U.S. 2013) *quoting Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997). The latest date alleged in the Amended Complaint for any conduct giving rise to this cause of

6

action is "March 2014."  (Doc. 11 at 4.)  Thus, by the end of March 2014, Plaintiff's cause of action—as alleged—was complete and she could file suit and obtain relief.  *See Heimseshoff*, 134 S. Ct. at 610.  The Plaintiff makes no allegation that she is entitled to any type of tolling, and "[i]t is well-established that the statute of limitations for a plaintiff's state law claims is not tolled while the plaintiff is pursuing administrative remedies with the EEOC."  *Simmons v. Mobile Inf. Medical Center*, 391 F. Supp. 2d 1124, 1131 (S.D. Ala. 2005) *citing Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 466 (1975) (limitations period for § 1981 claim not tolled during the time the EEOC conducted an administrative hearing on the Title VII claim as the two claims are separate and distinct).  Plaintiff filed the present suit on May 2, 2016.  *See* Doc. 1.  Thus, the limitations period for the Plaintiff's invasion of privacy claim fully ran between the end of March 2014 and May 2, 2016.  *See* ALA. CODE § 6-2-38(l) (1975).

II.  CLAIM III: ASSAULT AND BATTERY

"Claim III" is directed against McCoy and alleges that "[t]he actions of the defendant constituted an assault and battery on the plaintiff."  (Doc. 11 at 6.)  Parties again disagree as to which limitations period applies to this claim.  (Doc. 17 at 5-6 *compare* Doc. 22 at 2.)  McCoy again argues that the Code of Alabama's two-year statute of limitations applies.

(Doc. 17 at 5 *citing* ALA. CODE § 6-2-38(l) (1975).)  Plaintiff argues the Court should apply the six-year statute of limitations, which reads in relevant part that

> [t]he following actions must be commenced within six years . . . [a]ctions for any trespass to person or liberty, such as false imprisonment or assault and battery.

ALA. CODE § 6-2-34 (1975).  The Eleventh Circuit and the Supreme Court of Alabama agree that the two-year statute of limitations applies.  *Chambless*, 481 F.3d at 1350 *compare Wright v. Wright*, 652 So. 2d 542, 544 (Ala. 1995)(citing ALA. CODE § 6-2-38(l) (1975) for the proposition that plaintiff's assault and battery claim "is barred by the statute of limitations).

Generally, "a statute of limitations begins to run when the cause of action 'accrues'—that is, when 'the plaintiff can file suit and obtain relief.' "  *Heimeshoff,* 134 S. Ct. at 610.  As discussed above, the Plaintiff could file suit and obtain relief by the end of March 2014 and is not entitled to any tolling for a state-law claim.  Thus, the limitations period for the Plaintiff's assault and battery claim fully ran between the end of March 2014 and May 2, 2016.  *See* ALA. CODE § 6-2-38(l) (1975).

III. CLAIM IV: TORT OF OUTRAGE

"Claim IV" is directed against McCoy and alleges that

> [t]he actions of the defendant were so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society causing emotional distress so severe that no reasonable person could be expected to endure it.

(Doc. 11 at 6-7.) The relevant limitations period for the tort of outrage is imposed by § 6-2-38(l) of the Code of Alabama. *Archie v. Enterprise Hosp. and Nursing Home*, 508 So. 2d 693, 695 (Ala. 1987). Thus, the two-year limitations period is applied.

Generally, "a statute of limitations begins to run when the cause of action 'accrues'—that is, when 'the plaintiff can file suit and obtain relief.' " *Heimeshoff,* 134 S. Ct. at 610. As discussed above, the Plaintiff could file suit and obtain relief by the end of March 2014 and is not entitled to any tolling for a state-law claim. Thus, barring any tolling (which the Court takes up below), the limitations period for the Plaintiff's tort of outrage claim fully ran between the end of March 2014 and May 2, 2016. *See* Ala. Code § 6-2-38(l) (1975). Since the limitations period has run for all of the claims alleged against McCoy, the Motion to Dismiss is due to be granted.

## CONCLUSION

After careful consideration of the record, and for the reasons stated herein above, it is recommended that the Motion to Dismiss (Doc. 17) be granted and all claims against Defendant Alfonzo McCoy be dismissed with prejudice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen

9

(14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. L.R. 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this 22nd day of November 2016.

                                  s/BERT W. MILLING, JR.
                                  BERT W. MILLING, JR.
                                  UNITED STATES MAGISTRATE JUDGE