IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| APRIL WHITSETT ) | |
|     Plaintiff, ) | |
| vs. ) | CIVIL ACTION 16-00184-KD-M |
| ) | |
| STATE OF ALA. BOARD OF PARDONS ) | |
| AND PAROLES and ALFONZO McCOY, ) | |
|     Defendants. ) | |

**ORDER**

After due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made (Doc. 27), the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(l)(B) and dated November 22, 2016, (Doc. 26) is **ADOPTED IN PART** as follows:

The Court declines to adopt Section II, found at pages seven through nine of the Report and Recommendation. This section applied a two year statue of limitations to Plaintiff's state law assault and battery claim and recommended dismissal of the claim as a result. However, as discussed below, the applicable statute of limitations is six years rather than two years. Thus, Plaintiff's assault and battery claim is not barred by the statute of limitations and Defendant's motion to dismiss Count Three is **DENIED**.

The Court acknowledges that there has been dispute regarding the application statute of limitations period for assault and battery claims under Alabama law. *See e.g. Flippo v. Am. Power Source, Inc.,* 20 F. Supp. 3d 1299, 1318–19 (N.D. Ala. 2014) ("However, there is some debate in Alabama as to whether the two-year statute of limitations in *Ala. Code* § 6–2–38(l) or the six-year statute of limitations found *Ala. Code* § 6–2–34 applies to claims of assault and battery. *See, e.g., Burroughs v. Smurfit Stone Container Corp., L.P.,* 506 F.Supp.2d 1002, 1021

Case 1:16-cv-00184-KD-M   Document 30   Filed 12/19/16   Page 2 of 3

n. 34 (S.D.Ala.2007) (applying six-year statute of limitations and finding that it 'cannot reconcile the seemingly inconsistent cite to *Ala.Code* § 6–2–38(*l*) in *Wright v. Wright,* 654 So.2d 542, 544 (Ala.1995), for support that the statute of limitations had run on the assault and battery claim.'). *See also Travis v. Ziter,* 681 So.2d 1348, 1351 n. 1 (Ala.1996) (an action alleging assault and battery must be brought within six years after the accrual of the cause of action pursuant to *Ala.Code* § 6–2–34(1)).")

Ala. Code § 6-2-34, which is applicable here, states: "The following must be commenced within six years: (1) Actions for any trespass to person or liberty, such as false imprisonment or *assault and battery*…" Ala. Code § 6-2-34 (emphasis added). Thus, under the plain language of the statute, the statute of limitations for an assault and battery claim under Alabama law is six years. Additionally, as recently as 2014, the Alabama Court of Civil Appeals has held:

> With regard to the assault-and-battery and tort-of-outrage claims, [Defendant] argued in her motion to dismiss that the statute of limitations barred those claims. Because the statute of limitations for the tort of outrage is two years, *see Archie v. Enterprise Hosp. & Nursing Home,* 508 So.2d 693 (Ala.1987), and the [Plaintiffs'] complaint was filed almost six years after the alleged tortious conduct, that claim is barred. *The statute of limitations for assault and battery, however, is six years. Therefore, those claims are not barred by the statute of limitations.*

*Hoff v. Goyer*, 160 So. 3d 768, 772 (Ala. Civ. App. 2014), *cert. denied* (Aug. 22, 2014)(emphasis added).

Generally, "a statute of limitations begins to run when the cause of action 'accrues'—that is, when 'the plaintiff can file suit and obtain relief.'" *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 610 (U.S. 2013) quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997). The latest date alleged in the Amended Complaint for any conduct giving rise to this cause of action is "March 2014." (Doc. 11 at 4). Both Plaintiff's initial complaint and amended complaint contain a claim for assault and battery.

They were filed May 2, 2016 and September 21, 2016, respectively. (Docs. 1 and 11). Thus, Plaintiff's claim for assault and battery was filed within the applicable six year statute of limitations, and Defendant McCoy's motion to dismiss (Doc. 17) as to Count Three is **DENIED**.

The remaining portions of the Report and Recommendation are **ADOPTED** as the opinion of this Court. Accordingly, for the reasons discussed in the Report and Recommendation, Count Two (invasion of privacy) and Count Four (outrage) are **DISMISSED**.

**DONE** and **ORDERED** this **19**th day of **December 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**